Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN FOX, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NCSPLUS INCORPORATED, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Ann Fox ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.     Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of NCSPLUS Incorporated ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in Iowa state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.   Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.      Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Central District of California.

## PARTIES

4.     Plaintiff, Ann Fox ("Plaintiff"), is a natural person residing in Santa Barbara, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.     Defendant, NCSPLUS Incorporated ("Defendant"), is a leader in consumer debt buying and recovery/collection and is a "person" as defined by *47 U.S.C. § 153 (10)*.

## FACTUAL ALLEGATIONS

6.      Beginning in and around 2014, Defendant contacted Plaintiff on her cellular telephone number ending in -2104, in an attempt to collect an alleged outstanding debt.

7.      Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the debt allegedly owed.

8.      Defendant would occasionally leave voicemail messages on Plaintiff's cellular telephone if Plaintiff did not answer Defendant's calls.  In some of these messages, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

9.      One of the messages containing the prerecorded voice stated the following on or around May 4, 2013, at 12:13 p.m.:

> "Hello this is a message for Ann Fox.  If you are not Ann Fox, please hang up or disconnect.  If you are, Ann Fox, please continue to listen to this message.  There will now be a three-second pause in this message.  By continuing to listen to this message, you acknowledge you are Ann Fox.  This is a message from NCS (inaudible) this is an attempt to collect a debt, and any information obtained will be used for that purpose.  Please contact our office about an important matter at (877)366-3970.  Again, the number is (877)366-3970. Thank you. Goodbye."

10.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

11.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

12.    Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ALLEGATIONS

13.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

14.     Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

15.     Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

17.     Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff

1  and Class members via their cellular telephones thereby causing Plaintiff and

2  Class members to incur certain charges or reduced telephone time for which

3  Plaintiff and Class members had previously paid by having to retrieve or

4  administer messages left by Defendant during those illegal calls, and invading the

5  privacy of said Plaintiff and Class members.

6         18.    Common questions of fact and law exist as to all members of The

7  Class which predominate over any questions affecting only individual members

8  of The Class.  These common legal and factual questions, which do not vary

9  between Class members, and which may be determined without reference to the

10  individual circumstances of any Class members, include, but are not limited to,

11  the following:

12             a.    Whether, within the four years prior to the filing of this

13              Complaint, Defendant made any collection call (other than a

14              call made for emergency purposes or made with the prior

15              express consent of the called party) to a Class member using

16              any automatic telephone dialing system or any artificial or

17              prerecorded voice to any telephone number assigned to a

18              cellular telephone service;

19             b.    Whether Plaintiff and the Class members were damages

20  thereby, and the           extent of damages for such violation; and

21             c.    Whether Defendant should be enjoined from engaging in such

22  conduct in         the future.

23         19.    As a person that received numerous collection calls from Defendant

24  using an automatic telephone dialing system or an artificial or prerecorded voice,

25  without Plaintiff's prior express consent, Plaintiff is asserting claims that are

26  typical of The Class.

27         20.    Plaintiff will fairly and adequately protect the interests of the

28  members of The Class.  Plaintiff has retained attorneys experienced in the

1   prosecution of class actions.

2        21.   A class action is superior to other available methods of fair and

3              efficient

4 adjudication of this controversy, since individual litigation of the claims of all

5 Class members is impracticable. Even if every Class member could afford

6 individual litigation, the court system could not. It would be unduly burdensome

7 to the courts in which individual litigation of numerous issues would proceed.

8 Individualized litigation would also present the potential for varying, inconsistent,

9 or contradictory judgments and would magnify the delay and expense to all

10 parties and to the court system resulting from multiple trials of the same complex

11 factual issues. By contrast, the conduct of this action as a class action presents

12 fewer management difficulties, conserves the resources of the parties and of the

13 court system, and protects the rights of each Class member.

14        22.   The prosecution of separate actions by individual Class members

15 would create a risk of adjudications with respect to them that would, as a practical

16 matter, be dispositive of the interests of the other Class members not parties to

17 such adjudications or that would substantially impair or impede the ability of such

18 non-party Class members to protect their interests.

19        23.   Defendant has acted or refused to act in respects generally applicable

20 to The Class, thereby making appropriate final and injunctive relief with regard to

21 the members of the California Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

25        24.   Plaintiff repeats and incorporates by reference into this cause of

26 action the allegations set forth above at Paragraphs 1-23.

27        25.   The foregoing acts and omissions of Defendant constitute numerous

28 and multiple negligent violations of the TCPA, including but not limited to each

1 | and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

2 | 26. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et*

3 | *seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in

4 | statutory damages, for each and every violation, pursuant to *47 U.S.C. §*

5 | *227(b)(3)(B)*.

6 | 27. Plaintiff and the Class members are also entitled to and seek

7 | injunctive relief prohibiting such conduct in the future.

8 | ## SECOND CAUSE OF ACTION

9 | **Knowing and/or Willful Violations of the Telephone Consumer Protection**

10 | **Act**

11 | **47 U.S.C. §227 et seq.**

12 | 28. Plaintiff repeats and incorporates by reference into this cause of

13 | action the allegations set forth above at Paragraphs 1-27.

14 | 29. The foregoing acts and omissions of Defendant constitute numerous

15 | and multiple knowing and/or willful violations of the TCPA, including but not

16 | limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et*

17 | *seq*.

18 | 30. As a result of Defendant's knowing and/or willful violations of *47*

19 | *U.S.C. § 227 et seq.*, Plaintiff and the Class members are entitled an award of

20 | $1,500.00 in statutory damages, for each and every violation, pursuant to *47*

21 | *U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

22 | 31. Plaintiff and the Class members are also entitled to and seek

23 | injunctive relief prohibiting such conduct in the future.

24 | ## PRAYER FOR RELIEF

25 | WHEREFORE, Plaintiff requests judgment against Defendant for the following:

26 |

27 |

28 |

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $1500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

Respectfully Submitted this 17th day of December, 2014.


LAW OFFICES OF TODD M. FRIEDMAN, P.C.


By:   /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff